```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
ARTHUR WILLIAMS,

                Plaintiff,                    **MEMORANDUM AND ORDER**
        -against-                              11-CV-5823 (KAM)

ERIC SCHNEIDERMAN, Attorney
General of the State of New
York; The New York Supreme
Court,

                Defendants.
--------------------------------X
```

NOT FOR PUBLICATION

**MATSUMOTO, United States District Judge:**

On November 18, 2011, plaintiff Arthur Williams, who is incarcerated at the Otis Bantum Correctional Center ("OBCC") on Rikers Island, filed this *pro se* action pursuant to Federal Rule of Civil Procedure 5.1(a) and 28 U.S.C. § 2403, challenging the constitutionality of New York Penal Law § 110/125.25 ("Section 110/125.25"), Attempted Murder in the Second Degree, the statute under which he is currently charged. (ECF No. 1, Complaint ("Compl.") at 1.[1]) The Court grants plaintiff's request to proceed *in forma pauperis* (*see* ECF No. 2, Motion for Leave to Proceed *in forma pauperis*), and dismisses the complaint as barred by the *Younger* abstention doctrine.

---

[1] Because the complaint is not paginated, this number refers to the page number assigned by the Electronic Case Filing (ECF) system.

## BACKGROUND

Plaintiff is charged with attempted murder in the second degree, codified in Section 110/125.25.[2] (Compl. at 3.) Plaintiff alleges that Section 110/125.25 is "unconstitutional because [it] was never certified as constitutional by the New York State Supreme Court." (Id. at 1.) Plaintiff therefore seeks to "subpoena the certification of [Section 110/125.25] by the New York State Supreme Court" and to "subpoena the Attorney General of the State of New York to testify to the constitutionality of [Section 110/125.25]." (Id.) Plaintiff does not seek damages.

## STANDARD OF REVIEW

In reviewing the complaint, the court is mindful that plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and that the court is obliged to construe plaintiff's pleadings liberally and interpret them as raising the strongest arguments they suggest. *Harris v. Mills*,

---

[2] The Court takes judicial notice that plaintiff, identified by his Book & Case Number 541-11-01807, was arrested on October 13, 2011 and charged with attempted murder in the second degree under New York Penal Law 110-125.25. *See* http://a073-ils-web.nyc.gov/inmatelookup/pages/common/find.jsf (last visited January 26, 2012). The charge is currently pending, and plaintiff's next court date is scheduled for January 27, 2012. *Id.*

2

572 F.3d 66, 72 (2d Cir. 2009). Nonetheless, the court must screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint or any portion of the complaint if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)-(b)(1). *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (discussing *sua sponte* standard of review under § 1915A for prisoners).

## DISCUSSION

As an initial matter, the court notes that 28 U.S.C. § 2403 provides for intervention of the State Attorney General in any suit "where[] the constitutionality of any statute of that State affecting the public interest is drawn in question." 28 U.S.C. § 2403(b). Although plaintiff brings this action pursuant to that section and Federal Rule of Civil Procedure 5.1(a), plaintiff essentially seeks this court's intervention in his ongoing criminal proceeding. (*See* Compl. at 3.) The *Younger* abstention doctrine precludes such intervention, however. In *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), the Supreme Court held that a United States district court could not

enjoin an ongoing state prosecution even if the law under which plaintiff was being prosecuted was unconstitutional. *Id.* at 46.

The Second Circuit has held that "*Younger* abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." *Hansel v. Town Court of Springfield*, 56 F.3d 391, 393 (2d Cir. 1995). Therefore, apart from "specific, narrow circumstances"--such as "when great and immediate irreparable harm may result, a state court is engaging in flagrantly unconstitutional acts, or statutes are being enforced in bad faith"--*Younger* requires federal courts to abstain from enjoining ongoing state court criminal proceedings. *Id.* (citing *Younger*, 401 U.S. at 56); *see Williams v. Lambert*, 46 F.3d 1275, 1282 (2d Cir. 1995) (holding *Younger* abstention applies "in the absence of bad faith, fraud or irreparable harm").

In the instant case, all three requirements for *Younger* abstention are met: (1) a criminal case against plaintiff is still pending in state court; (2) New York has an important state interest in enforcing its criminal laws; and (3) plaintiff is free to raise his constitutional claim in the

pending criminal proceeding. *See Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."); *see also Schlagler v. Phillips*, 166 F.3d 439 (2d Cir. 1999) (*Younger* abstention applied to dismiss complaint alleging violation of criminal defendant's constitutional rights); *Hansel*, 56 F.3d at 393 ("[I]t is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one."). Moreover, plaintiff has made no showing of extraordinary circumstances that warrant intervention.

## **CONCLUSION**

Accordingly, for the foregoing reasons, plaintiff's complaint, filed *in forma pauperis*, is dismissed in its entirety pursuant to 28 U.S.C. § 1915A(b). Because the court will not consider whether the state law is constitutional, the court declines to certify this question to the Attorney General of the State of New York pursuant to 28 U.S.C. § 2403. *See Dale v. Schneiderman*, No. 11-CV-5816, 2011 WL 6148595, at *3 (E.D.N.Y. Dec. 9, 2011).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Any appeal must be filed within thirty days after judgment is entered in this case. Fed. R. App. P. 4(a)(1)(A).

The Clerk is respectfully requested to serve a copy of this Memorandum and Order on plaintiff and note service in the docket, dismiss this action, enter judgment and close this case.

SO ORDERED.

Dated: Brooklyn, New York
January 26, 2012

/S/

KIYO A. MATSUMOTO
United States District Judge